

KEN PAXTON

ATTORNEY GENERAL OF TEXAS

October 30, 2025

Ms. Gloria Meraz
Director and Librarian
Texas State Library and Archives Commission
Post Office Box 12927
Austin, Texas 78711-2927

**Opinion No. KP-0502**

Re: Whether juvenile criminal case records constitute permanent records under Chapter 58 of the Family Code (RQ-0576-KP)

Dear Ms. Meraz:

You ask whether certain juvenile records are "permanent records" that can only be destroyed by court order.[1] For context, you explain that the Texas State Library and Archives Commission ("TSLAC") has adopted local government records retention schedules—pursuant to its authority under section 441.158 of the Government Code—permitting "juvenile case papers maintained by county and district clerks" to be destroyed under the parameters outlined in section 58.264 of the Family Code. Request Letter at 1–3. You note, however, that the Office of Court Administration's District Clerk Manual differs from TSLAC's records retention schedules by "suggest[ing] that juvenile records are permanent records unless a court orders destruction." *Id.* at 5. You thus seek "an opinion regarding the retention period for juvenile case papers." *Id.* at 6.

**The Government Code and the Local Government Records Act assign complimentary roles for local governments and TSLAC regarding local government records.**

We begin by reviewing the statutory and regulatory frameworks relevant to your inquiry. Chapter 441 of the Government Code addresses TSLAC's authority over the preservation and management of local government records. *See generally* TEX. GOV'T CODE §§ 441.151–.169. For purposes of subchapter J, a "local government" includes "a county" as well as "all district and precinct offices of a county." *Id.* § 441.151(7). A "local government record" is broadly defined to include a wide array of materials, "regardless of physical form or characteristic," that have been "created or received by a local government or any of its officers or employees pursuant to law[] . . . or in the transaction of public business." *Id.* § 441.151(8). A retention period "means the minimum

---

[1] Letter from Ms. Gloria Meraz, Dir. & Libr., Tex. State Libr. & Archives Comm'n, to Hon. Ken Paxton, Tex. Att'y Gen. at 1 (Jan. 17, 2025), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2025/RQ0576KP.pdf ("Request Letter").

time that must pass after the creation, recording, or receipt of a record, or the fulfillment of certain actions associated with a record, before it is eligible for destruction." *Id.* § 441.151(13). And a permanent record is "any local government record whose retention period on a records retention schedule issued by [TSLAC] is given as permanent." *Id.* § 441.151(9).

Subchapter J imposes various duties on both TSLAC's director and librarian as well as affected local governments. *See generally id.* §§ 441.152 ("Duties and Responsibilities of the Director and Librarian"), .169 ("Duties of Local Governments"). These duties overlap with those set forth in the Local Government Records Act: The director and librarian, for example, must "carry out the duties and responsibilities of [TSLAC] relating to the management and preservation of local government records imposed by [subchapter J] and [the Local Government Records Act]." *Id.* § 441.152(1); *see also* TEX. LOC. GOV'T CODE § 203.024 (requiring the director and librarian to assist local governments in carrying out the Local Government Records Act's requirements). Under subchapter J, each local government must "file with the director and librarian a written certification as provided by Section 203.041, Local Government Code, that the local government has prepared a records control schedule that[] . . . complies with a local government records retention schedule distributed by the director and librarian under Section 441.158." TEX. GOV'T CODE § 441.169(4)(B); *see also* TEX. LOC. GOV'T CODE § 203.041(d) (requiring a local government's records management officer to "file with the director and librarian a written certification of compliance that the local government . . . has amended the records control schedules to comply with the minimum requirements established on records retention schedules issued by the commission"). A local government's "records control schedule" lists the records it maintains, the corresponding retention periods,[2] and "other records disposition information." TEX. LOC. GOV'T CODE § 201.003(12).

The Local Government Records Act also authorizes the destruction of local government records under certain circumstances, including if "the record is listed on a valid records control schedule and . . . its retention period has expired." *Id.* § 202.001(a)(1). That authority is complimented by section 441.158 of the Government Code, which in relevant part sets forth the director and librarian's duties as follows:

> (a) The director and librarian, under the direction of [TSLAC], shall prepare and distribute free of charge to records management officers of affected local governments the records retention schedules for each type of local government, including a schedule for records common to all types of local government. The commission shall adopt the schedules by rule.
>
> (b) Each records retention schedule must:

---

[2] A "retention period" for purposes of the Local Government Records Act "means the minimum time that must pass after the creation, recording, or receipt of a record, or the fulfillment of certain actions associated with a record, before it is eligible for destruction." TEX. LOC. GOV'T CODE § 201.003(16).

> (1) list the various types of records of the applicable local government;
>
> (2) state the retention period prescribed by a federal or state law, rule of court, or regulation for records for which a period is prescribed; and
>
> (3) prescribe retention periods for all other records, which periods have the same effect as if prescribed by law after the records retention schedule is adopted as a rule of the commission.

TEX. GOV'T CODE § 441.158(a)–(b). As TSLAC's regulations make clear, these records retention schedules generally "apply to records and record data of all local government offices maintaining records of the types named in each records retention schedule, regardless of the media in which the records or record data are maintained." 13 TEX. ADMIN. CODE § 7.122. The schedules establish only the "minimum requirements and shall in no way affect the authority of the governing bodies of local governments or of elected county officials to establish longer periods of time for which records of their government or office are to be retained." *Id.* § 7.123(b); *see also* TEX. LOC. GOV'T CODE § 203.041(d) (requiring compliance with "the minimum requirements established on records retention schedules"). At bottom, these provisions form a carefully crafted, harmonious framework under which TSLAC and local governments perform complimentary roles.

**The Juvenile Justice Code authorizes specific individuals and entities to destroy certain categories of juvenile records.**

The Juvenile Justice Code also proves relevant to your inquiry. *See generally* TEX. FAM. CODE §§ 51.01–61.107. Among other things, it provides that a county clerk or district clerk can serve as a juvenile court clerk if the clerk's court is designated as the juvenile court. *Id.* § 51.04(b) (listing district courts and county courts as among the local governmental entities that a juvenile board may designate as a juvenile court); *see also* TEX. CONST. art. V, §§ 9 (mandating a clerk of the district court), 20 (mandating a county clerk "who shall be clerk of the County and Commissioners Courts"). Chapter 58 of the Family Code, in particular, pertains to records associated with a juvenile justice information system. *See generally* TEX. FAM. CODE §§ 58.001–.405. This chapter assigns particular duties to juvenile court clerks, including the retention of documents described in section 58.108. *See id.* § 58.108(b). Additionally, juvenile court clerks are among those who possess the highest level of access to information within the local juvenile justice information system. *Id.* § 58.306.

Chapter 58, subchapter C-1 specifically pertains to sealing and destruction of records in a juvenile matter. *See generally id.* §§ 58.251–.265. A juvenile matter is "a referral to a juvenile court or juvenile probation department and all related court proceedings and outcomes," while a record is "any documentation related to a juvenile matter, including information contained in that documentation." *Id.* § 58.251(2), (4). The subchapter distinguishes between electronic and physical records. *Id.* § 58.251(1), (3) (defining both). Though most of the subchapter addresses the sealing of juvenile records, sections 58.263 and 58.264 pertain to destruction. *Id.* §§ 58.263

(discussing court-ordered destruction), .264 (discussing other, permitted destruction); *see also id.* § 58.259(b) ("Physical or electronic records are considered sealed if the records are not destroyed but are stored in a manner that allows access to the records only by the custodian of records for the entity possessing the records.").

The call of your request implicates section 58.264. *See generally* Request Letter at 1. Subsection (a) identifies who may authorize the destruction of records possessed by specifically named entities, and (b) ties destruction authority to an individual's current age and the severity of the conduct involved:

> (a) Subject to Subsections (b) and (c) of this section, Section 202.001,[3] Local Government Code, and any other restrictions imposed by an entity's records retention guidelines, the following persons may authorize the destruction of records in a closed juvenile matter, regardless of the date the records were created:
>
>> (1) a juvenile board, in relation to the records in the possession of the juvenile probation department;
>>
>> (2) the head of a law enforcement agency, in relation to the records in the possession of the agency; and
>>
>> (3) a prosecuting attorney, in relation to the records in the possession of the prosecuting attorney's office.
>
> (b) The records related to a person referred to a juvenile probation department may be destroyed if the person:
>
>> (1) is at least 18 years of age, and:
>>
>>> (A) the most serious conduct for which the person was referred was conduct indicating a need for supervision, whether or not the person was adjudicated; or
>>>
>>> (B) the referral or information did not relate to conduct indicating a need for supervision or delinquent conduct and the juvenile probation department, prosecutor, or juvenile court did not take action on the referral or information for that reason;

---

[3] This reference to section 202.001 of the Local Government Code demonstrates that records in a closed juvenile matter also fall under the relatively broad definition of a "local government record" for purposes of the Local Government Records Act. *See* TEX. LOC. GOV'T CODE § 201.003(8). Further, that meaning is substantially similar to the definition of "local government record" applicable to Chapter 441, subchapter J of the Government Code. *See* TEX. GOV'T CODE § 441.151(8).

> > (2) is at least 21 years of age, and:
>
> > > (A) the most serious conduct for which the person was adjudicated was delinquent conduct that violated a penal law of the grade of misdemeanor; or
>
> > > (B) the most serious conduct for which the person was referred was delinquent conduct and the person was not adjudicated as having engaged in the conduct; or
>
> > (3) is at least 31 years of age and the most serious conduct for which the person was adjudicated was delinquent conduct that violated a penal law of the grade of felony.

TEX. FAM. CODE § 58.264(a)–(b) (footnote added). Subsection 58.264(c) addresses the destruction of records containing information related to multiple persons. *Id.* § 58.264(c). Destruction of electronic records occurs when "the electronic records, including the index to the records, are deleted." *Id.* § 58.264(d). Physical records converted to an electronic record, however, are not considered destroyed so long as the electronic record is maintained. *Id.* § 58.264(e). Section 58.264 "does not authorize the destruction of the records of the juvenile court or clerk of court." *Id.* § 58.264(f). Nor does the provision "affect the destruction of physical records and files authorized by the Texas State Library Records Retention Schedule." *Id.* § 58.264(h).

> **A county clerk or district clerk may destroy juvenile case papers pursuant to a local government's records control schedule that complies with TSLAC's records retention schedule.**

Your question ultimately requires us to address the interplay between the Government Code, the Local Government Records Act, and the Juvenile Justice Code—with regard to the "retention period for juvenile case papers" that are "maintained by county and district clerks." *See* Request Letter at 3, 6. TSLAC adopted twelve records retention schedules pursuant to its authority under section 441.158 of the Government Code. 13 TEX. ADMIN. CODE § 7.125(a); *see also id.* § 7.121(2) (defining "records retention schedule"). Relevant here, TSLAC established Local Schedule CC, which pertains to county clerk records, as well as Local Schedule DC, which pertains to district clerk records. *Id.* § 7.125(a)(3)–(4). Each schedule addresses "juvenile case papers," with the relevant record numbers listed as CC1700-10 for county clerk records and DC2100-10 for district clerk records.[4] *Id.* Under these schedules, juvenile case papers are not "permanent records" because their retention period is not listed as permanent. *Id.*; *see also* TEX. GOV'T CODE § 441.151(9). Instead, the "total retention" column in the schedules' tables contains age- and offense-related parameters that mirror those in Family Code subsection 58.264(b). *Compare* TEX. FAM. CODE § 58.264(b), *with* 13 TEX. ADMIN. CODE § 7.125(a)(3)–(4). It follows that juvenile case

---

[4] The schedules describe "juvenile case papers" as "[d]ocuments relating to juvenile detention, transfer, adjudication, or disposition, including all records transferred to the court by law enforcement or other agencies under sealing orders issued by a court." 13 TEX. ADMIN. CODE § 7.125(a)(3)–(4).

papers may be destroyed, without a court order, so long as TSLAC can include these parameters in its record retention schedules as a "retention period." *See* TEX. GOV'T CODE § 441.151(13); *see also id.* § 441.158(b)(2).

Retention periods may be included in records retention schedules under one of two rationales. *See id.* § 441.158(b). First, regarding "records for which a period is prescribed," the schedule must state that legally prescribed retention period. *Id.* § 441.158(b)(2). Second, "for all other records" for which no retention period is elsewhere established, TSLAC must itself "prescribe retention periods" in the schedule. *Id.* § 441.158(b)(3). Here, each relevant record number specifically cites Family Code subsections 58.264(b)(1) through (3) and features the notation "by law." 13 TEX. ADMIN. CODE § 7.125(a)(3)–(4). We thus begin by considering whether TSLAC's authority under Government Code subsection 441.158(b)(2) requires the inclusion of Family Code section 58.264 in the records retention schedules for county and district clerks.[5]

The term "retention period" often "means the minimum time that must pass after the creation, recording, or receipt of a record." TEX. GOV'T CODE § 441.151(13); TEX. LOC. GOV'T CODE § 201.003(16). Under that definition, section 58.264 would not qualify as a retention period because it expressly allows for records destruction "regardless of the date the records were created." TEX. FAM. CODE § 58.264(a). However, both Chapter 441 of the Government Code and the Local Government Records Act provide an alternative definition—"the fulfillment of certain actions associated with a record, before it is eligible for destruction." TEX. GOV'T CODE § 441.151(13); TEX. LOC. GOV'T CODE § 201.003(16). Section 58.264 specifically sets forth the actions required for juvenile records destruction to be authorized. First, the person whose records are to be destroyed must have reached the applicable threshold of eighteen, twenty-one, or thirty-one years of age. TEX. FAM. CODE § 58.264(b). Second, for records in the possession of entities named in subsection (a), the relevant individual must authorize destruction. *Id.* § 58.264(a). Given these requirements, section 58.264 constitutes a "retention period" for the purposes of the Government Code and the Local Government Records Act.

But this does not end our inquiry. We must also consider whether the records destruction authority applies to Local Schedule CC and Local Schedule DC. Section 58.264 extends only to "records in the possession of" three named entities. *Id.* We presume that your question regarding "juvenile case papers *maintained by* county and district clerks" means records in the possession of such clerks. *See* Request Letter at 3 (emphasis added). We thus address whether district clerks and county clerks are included in the three named categories of juvenile probation departments, law enforcement agencies, or prosecuting attorney's offices. *See* TEX. FAM. CODE § 58.264(b).

They are not. A juvenile board is authorized by statute to establish a juvenile probation department, TEX. HUM. RES. CODE § 152.0007(a)(1), and may employ personnel with advice and consent of the commissioners court, *id.* § 142.002(a). *See generally id.* §§ 142.001–.007 ("Juvenile Probation Departments and Personnel"). But county clerks and district clerks are not departmental

---

[5] Though you reference Opinion GA-1017 in your request, Request Letter at 5–6, it is of little bearing on the present question. That opinion dealt with a perceived conflict in the predecessor to section 58.264, which contained different language and did not involve TSLAC's authority to prepare and distribute records retention schedules. Tex. Att'y Gen. Op. No. GA-1017 (2013) at 3–4. We therefore decline further discussion.

employees; they are constitutionally established officers. *See McLennan Cnty. v. Boggess*, 137 S.W. 346, 347 (Tex. 1911) ("The Constitution of this state provides for the offices of . . . county and district clerks[] and prescribes the duty and authority of such officers."). Accordingly, neither is appropriately considered a part of a juvenile probation department.

Nor are such clerks part of a "law enforcement agency." Although the Juvenile Justice Code does not define that phrase, it does define "law enforcement officer" by incorporating Article 2A.001 of the Code of Criminal Procedure. *See* TEX. FAM. CODE § 51.02(7). Yet that article exhaustively lists thirty-three categories of peace officers—none of which include county or district clerks. TEX. CODE CRIM. PROC. art. 2A.001. Further, the Code of Criminal Procedure generally treats peace officers and law enforcement agencies in tandem and places duties on peace officers that materially differ from those performed by clerks. *Compare id.* arts. 2a.051–2a.066 ("Powers and Duties of Peace Officers and Law Enforcement Agencies"), *and id.* art. 2A.051 ("General Powers and Duties of Peace Officers"), *with id.* art. 2.21 ("Duty of Clerks"). This proves consistent with definitions of "law enforcement agency" found elsewhere in the Code of Criminal Procedure, which reveals that law enforcement agencies traditionally employ peace officers. *See, e.g., id.* arts. 2B.0201(2), 59.01(5).

Finally, for the purposes of section 58.264, county and district clerks are not members of the prosecuting attorney's office. A prosecuting attorney is "the county attorney, district attorney, or other attorney who regularly serves in a prosecutory capacity in a juvenile court." TEX. FAM. CODE § 51.02(11). The offices of county attorney and district attorney are constitutionally distinct from those of county clerk and district clerk. *Compare* TEX. CONST. art. V, § 21 (county and district attorneys), *with id.* art. V, §§ 9 (district clerks), 20 (county clerks). Further, county and district clerks do not regularly serve in a prosecutory capacity. *See, e.g.*, TEX. GOV'T CODE §§ 51.303 (establishing the duties and powers of district clerks), .402 (same for county clerks). Because subsection 58.264(a) does not encompass county or district clerks, Government Code subsection 441.158(b)(2) does not authorize inclusion in Local Schedule CC or DC.[6] *See id.* § 441.158(b)(2).

You nonetheless highlight that "the remarks field" in Local Schedule CC and DC cites to Family Code subsections 58.264(b)(1), (2), and (3)—as "context for [the] retention period." Request Letter at 3–4. By this, we presume that you mean to rely upon TSLAC's authority to "prescribe retention periods for all other records" under subsection 441.158(b)(3).[7] *See* TEX. GOV'T CODE § 441.158(b)(3). But neither section 58.264 nor any other "federal or state law, rule of court, or regulation" of which we are aware prescribes a retention period for juvenile case papers maintained by county or district clerks. *See id.* § 441.158(b)(2). These papers thus constitute "other records" for which TSLAC must itself "prescribe retention periods," *id.* § 441.158(b)(3), and TSLAC may determine that this retention period should align with the criteria set forth for other local government actors under Family Code section 58.264.

---

[6] Because clerks are not members of the three entities named in subsection 58.264(a), we need not address the meaning of subsection 58.264(f)'s statement that section 58.264 "does not authorize the destruction of the records of the . . . clerk of court." TEX. FAM. CODE § 58.264(f).

[7] The parameters set forth in section 58.264, of course, constitute a "retention period" under Chapter 441 of the Government Code and the Local Government Records Act. *See supra* pp. 3–6.

It merits note that the retention periods prescribed by TSLAC "have the same effect as if prescribed by law after the records retention schedule is adopted as a rule of the commission." *Id.* Once adopted, county and district clerks must certify in writing that their office "has amended the records control schedules to comply with the minimum requirements established on records retention schedules." TEX. LOC. GOV'T CODE § 203.041(d). County and district clerks may, of course, "establish longer periods of time for which records of their government or office are to be retained," 13 TEX. ADMIN. CODE § 7.123(b)—after which they may destroy such records, TEX. LOC. GOV'T CODE § 202.001(a)(1). We therefore conclude that a county clerk's office may destroy juvenile case papers it maintains pursuant to a records control schedule that complies with Local Schedule CC, and a district clerk's office may destroy juvenile case papers it maintains pursuant to a records control schedule that complies with Local Schedule DC.

**S U M M A R Y**

      The Government Code and the Local Government Records Act assign complimentary roles for local governments and TSLAC regarding local government records. The Juvenile Justice Code authorizes specific individuals and entities to destroy certain categories of juvenile records, and a county clerk or district clerk may destroy juvenile case papers pursuant to a local government's records control schedule that complies with TSLAC's records retention schedule.

      Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

J. AARON BARNES
Assistant Attorney General, Opinion Committee